IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JOSEPH RIMEL,<br>          Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br>          Defendant. | )<br>)<br>)   Civil Action No. 13-CV-01209<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 11 AND 15)

**I.    Introduction**

Plaintiff, William Joseph Rimel ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI"). The parties have submitted Cross-Motions for Summary Judgment on the record developed at the administrative proceedings. For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) will be DENIED. The Commissioner's Motion for Summary Judgment (Doc. No. 15) will be GRANTED and the administrative decision of the Commissioner will be AFFIRMED.

**II.    Procedural History**

On April 20, 2010, Plaintiff filed an application for SSI, alleging disability beginning January 1, 2009. R. 19. The claim was initially denied on December 9, 2010. R. 19. On January 27, 2011, the claimant filed a written request for hearing pursuant to 20 C.F.R.

1

§ 416.1429, *et. seq.* R. 19. An administrative hearing was held on February 29, 2012, in Seven Fields, Pennsylvania, before Administrative Law Judge ("ALJ") David F. Brash. R. 34-68. The Plaintiff, who was represented by counsel, appeared and testified. R. 35-61. George Starosta, an impartial vocational expert ("VE"), also testified. R. 61-68.

In a decision dated March 9, 2012, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. R. 29. The Appeals Council denied Plaintiff's request for review on June 24, 2013, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. 2-5.

Plaintiff commenced the present action on August 22, 2013, seeking judicial review of the Commissioner's decision. Doc. No. 2. Plaintiff filed a Motion for Summary Judgment on January 2, 2014. Doc. No. 11. Defendant filed a Motion for Summary Judgment on February 25, 2014. Doc. No. 15. These motions are the subject of this Memorandum Opinion.

### III. Statement of the Case

In the ALJ's decision, he made the following findings:

1. The claimant has not engaged in substantial gainful activity since April 20, 2010, the application date (20 C.F.R. § 416.971 et seq.). R. 20.
2. The claimant has the following severe impairments: claw feet, status-post right foot surgery and degenerative arthritis, left hip osteoarthritis, status-post right foot ulceration, chronic obstructive pulmonary disease (COPD), status-post pulmonary embolism and pleural effusion, and status-post heart failure (20 C.F.R. § 416.920(c)). R. 20.
3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). R. 20.

4. After careful consideration of the entire record, the ALJ found that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a) except he can never push or pull with his legs and can never operate foot controls, bilaterally; can never climb a ladder, rope, or scaffold; can never crouch or crawl; can only occasionally climb ramps or stairs; can only occasionally balance, stoop, or kneel; will require a sit-stand option, at the work station, with intervals no more frequent than every thirty (30) minutes; must avoid even moderate exposure to gasses, fumes, and like respiratory irritants; must avoid even moderate expose to wetness, humidity, and temperature extremes; is limited to indoor work; and must avoid even moderate exposure to unprotected heights, dangerous machinery, and like hazards. R. 22.

5. The claimant has no past relevant work (20 C.F.R. § 416.965). R. 27.

6. The claimant was born on February 10, 1969 and is 41 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 C.F.R. § 416.963). R. 27.

7. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 416.968). R. 27.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. § 416.968). R. 27.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)). R. 27.

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 20, 2010, the date the application was filed (20 C.F.R. § 416.920(g)). R. 28.

**IV.     Standard of Review**

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191 (3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or

her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions, he or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision.

Medical and psychological consultants of a state agency who evaluate a claimant based upon a review of the medical record "are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. § 404.1527(f)(2)(I). *See also* SSR 96-6p: Titles II and XVI: Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants ("1. Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the administrative law judge and Appeals Council levels of administrative review. 2.

Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.").

It is on this standard that the Court has reviewed the parties' Cross-Motions for Summary Judgment.

## V. Discussion

In support of Plaintiff's Motion for Summary Judgment, Plaintiff argues that the ALJ erred and there was not substantial evidence to support his conclusions. Doc. No. 11. Specifically, Plaintiff contends that: (1) the ALJ did not adequately develop the record with respect to his alleged mental impairment; and (2) the ALJ's residual functional capacity assessment is not supported by substantial evidence. Doc. No. 12 at 10, 12. On the other hand, the Commissioner contends that: (1) Plaintiff, not the ALJ, bore the burden of producing evidence concerning his mental impairments; and (2) substantial evidence supports the ALJ's conclusion. Doc. No. 16 at 8, 11. In the alternative, the Commissioner contends that because the jobs identified by the VE fully account for Plaintiff's alleged mental deficits, no further development of the record by the ALJ was necessary. Doc. No. 16 at 8.

*1. The ALJ Properly Considered and Developed the Record Regarding Plaintiff's Alleged Mental Impairment*

Plaintiff orders that the ALJ failed to adequately develop the record when there was a suggestion of mental impairment by inquiring into the present status of impairment and its possible effects on the claimant's ability to work. Doc. No. 12 at 11, citing *Plummer v. Apfel*, 186 F.3d 422, 434 (3d Cir. 1999). Plaintiff argues that his own testimony, and evidence of his poor academic performance triggered the duty of the ALJ to, at the very least, order a consultative examination of the impairment. Doc. No. 12 at 11.

7

Step two of the five-step sequential process provides the ALJ the discretion to determine from which severe impairment Plaintiff suffers. 20 C.F.R. § 404.1520(c) (emphasis added). Here, the ALJ found that "the claimant has the following severe impairments: claw feet, status-post right foot surgery and degenerative arthritis, left hip osteoarthritis, status-post right foot ulceration, chronic obstructive pulmonary disease (COPD), status-post pulmonary embolism and pleural effusion, and status-post heart failure (20 [C.F.R. § 416.920(c)])." R. 20. The ALJ did not find that the claimant's mental impairment was severe. R. 20.

Plaintiff contends that the ALJ was required to develop the record and order a consultative exam based upon *Eckenrode v. Astrue*, 2012 WL 6591948 at *3 (W.D. Pa. Dec. 18, 2012). Doc. No. 12 at 11. However, that case is distinguishable, because, unlike here, plaintiff had a documented history of mental disability. *Eckenrode*, 2012 WL 6591948 at *3. Further, Plaintiff's primary care physician in that case had prescribed medication for the mental symptoms alleged. *Id.* Here, Plaintiff's only supporting documentation is the report of poor academic performance and his own testimony at the hearing. R. at 49-52. The evidence here was deemed insufficient to warrant a consultative exam, and the Court notes that Plaintiff was represented by retained counsel (who had been hired approximately 11 months prior to the administrative hearing), who could have obtained a psychological examination. See *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1996) (Commissioner did not fail to develop the record where a claimant took no steps to obtain the evidence in question).

Plaintiff also contends that the ALJ failed to discuss his mental impairment, which deprived the Court of being able to conduct meaningful judicial review. Doc. No. 12 at 11. Yet, in the ALJ's decision, he states that the claimant "has no problems paying attention, finishes what he starts, and is generally independent in personal care (Exhibit 4E)." R. 23. This

statement shows a consideration of the issue, contrary to Plaintiff's claim. The ALJ goes on to state that the "limiting effects of these [alleged] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." R. 23.

The ALJ determined that the mental impairment alleged by Plaintiff was neither severe within the meaning of the Act nor was it severe enough to order a consultative visit. The ALJ was fully within his discretion to take such action after considering the evidence presented and the record. The ALJ did not err in his decision to not order a consultative examine, as it relates to Plaintiff's alleged mental impairment, and no remand is required because the jobs identified by the VE (which were classified as unskilled work, requires little or no judgment to do simple duties that can be learned on the job) sufficiently accounted for Plaintiff's alleged mental deficits.

*2. The ALJ's Residual Functional Capacity Assessment is Supported by Substantial Evidence*

Plaintiff claims that the ALJ failed to give proper weight to the opinion of the consultative examining physician Dr. Muthappan. Doc. No. 12 at 12. Plaintiff analogizes the facts of this case to *Stewart v. Astrue*, 2012 WL 1969318 (E.D. Pa., 2012). Plaintiff argues that here, as there, "the consultative examining physician's [residual functioning capacity ("RFC")] was rejected by an ALJ on the grounds that there were little or no objective medical findings supporting the examiner's RFC." Doc. No. 12 at 14. The Court agreed, finding that there was a sufficient "disconnect" between the opinion of the consultative physician and the minimal medical findings. Doc. No. 12 at 14. Plaintiff goes on to argue that the situation here "diverges significantly" from *Stewart*, because the finding that Dr. Muthappan's opinion was not supported by objective medical findings is not supported with substantial evidence. Doc. No. 12 at 14.

Further, Plaintiff argues that the ALJ was required to adopt the opinion evidence of Dr. Muthappan in its entirety because there are significant objective findings supporting Dr. Muthappan's opinions. Doc. No. 12 at 15. Lastly, Plaintiff claims that the ALJ erred when he assigned greater weight to the opinion of state agency examiner Dr. Sekas, than Dr. Muthappan. Doc. No. 12 at 13.

In determining a claimant's RFC, the ALJ must follow a two-step process. First, the ALJ must determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. R. 23. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. This second step includes a credibility finding on statements made based on consideration of the entire case record. R. 23. Here, the ALJ found that:

> the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that he can never push or pull with his legs and can never operate foot controls, bilaterally; can never climb a ladder; rope, or scaffold; can never crouch or crawl; can only occasionally climb ramps or stair; can only occasionally balance, stoop, or kneel; will require a sit-stand option, at the work station with intervals no more frequent than every thirty minutes; must avoid even moderate exposure to wetness, humidity, and temperature extremes; is limited to indoor work; and must avoid even moderate exposure to unprotected heights, dangerous machinery, and like hazards.

R. 22.

The ALJ determined that the claimant's medically determinable impairments could reasonably be expected to cause the symptoms alleged. R. 23. However, the ALJ also determined that some of the claimant's statements about the limiting effects of the impairments were not credible when judged against the entire case record and the medical opinions therein. R. 23. As part of his detailed examination into claimant's medical history, the ALJ examined the

findings of Dr. Muthappan. R. 23-27. Based upon evidence presented, the ALJ accorded Dr. Muthappan's opinion "some weight." R. 26. For example, the ALJ found Dr. Muthappan's opinion regarding a lifting limitation was actually not restrictive enough. R. 26. Therefore, the ALJ gave greater weight to the more restrictive finding of Dr. Sekas in this area. R. 27.

The ALJ considered the opinion of Dr. Muthappan in the RFC. For example, the ALJ stated, referring to Dr. Muthappan's opinion, "[t]his standing limit, along with the need to shift from sitting periodically is adequately accommodated by the sit-stand option in the residual functional capacity." R. 26. The ALJ's analysis of Dr. Muthappan's opinion shows consideration of the record evidence presented and the ALJ is not required to adopt every aspect of Dr. Muthappan's opinion. Indeed, the ALJ properly weighed Dr. Muthappan's opinion under the applicable regulatory factors, 20 C.F.R. § 416.927 (explaining how medical opinion evidence is evaluated), and he articulated legitimate reasons to support why he did not totally accept Dr. Muthappan's opinion. For example, with respect to the limitations regarding standing/walking and a 25-minute sitting limitation, the ALJ noted that those limitations were not supported by Dr. Muthappan's own benign clinical examination findings and other objective medical evidence, and in any event, the ALJ adequately addressed those restrictions by including a sit/stand option with intervals no more frequent than every 30 minutes. R. 26.

Further, the ALJ is entitled to give more credit to the opinion of Dr. Sekas, as a state agency physician, as long as Dr. Sekas' opinion was supported by and consistent with the evidence of record. R. 27. State agency physicians are considered "highly qualified" and are regarded as "experts in Social Security disability evaluation[.]" 20 C.F.R. § 416.927(e)(2)(i). As part of the analysis, the ALJ acknowledged that as a general matter, "the opinions of non-examining sources do not deserve as much weight as those of examining physicians." R. 26.

The ALJ went on to detail Dr. Sekas's opinion that, in many aspects, is in accord with Dr. Muthappan's. R. 26. See *Chandler v. Comm's of Soc. Sec*., 667 F.3d 356, 361 (3d Cir. 2009)(explaining that "state agent opinions merit significant consideration.")

The ALJ conducted an in-depth and consistent analysis of the claimant's entire medical record. Specifically, the ALJ conducted a detailed analysis and applied many areas of Dr. Muthappan's opinion. R. 25-26. After taking into account the claimant's allegations, symptoms alleged, activities of daily living, and the testimony of record, the ALJ made a RFC determination, which is an administrative finding that is properly within the purview of the ALJ alone. The ALJ committed no error in independently formulating the RFC, and this RFC is supported by substantial evidence of record.

## VI. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence. Therefore, the Commissioner's administrative decision will be AFFIRMED. An appropriate Order will follow.

    s/ Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc:     All Registered ECF Counsel and Parties